SRM

WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| **Karl Adolph Frantz,**<br>Plaintiff<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Defendant(s) | CV-05-2464-PHX-JRI<br><br>**ORDER** |
|---|---|

Under consideration is Defendant Daughtry's Motion to Dismiss, filed July 12, 2006 (#33).

**Background** - Plaintiff, previously an inmate in the Arizona State Prison, instituted this action on August 15, 2005, by filing his Complaint (#1). The Court screened (#7) the Complaint pursuant to 28 U.S.C. § 1915A(a), and dismissed Counts I, II, III, IV, V, VI, and the due process portion of Count VII and Defendants Schriro, Disu, Lewis and Bievens. An answer was ordered from Defendant Daughtry on the remainder of Count VII. That portion of Plaintiff's Complaint alleges that Defendant Daugherty's refusal, "in late May (2005)," to provide Plaintiff with grievance forms violated Plaintiff's First Amendment right to redress of grievances. (Complaint, #1 at physical page 13.) The Complaint alleges that Plaintiff has not been allowed to file grievances on this claim because "Defendant CO.III Daugherty refuses to give forms" and asks other inmates "what are you going to grieve." (*Id.*)

**Motion to Dismiss** - Defendant Daughtry filed the current Motion to Dismiss (#33), arguing that Plaintiff had failed to exhaust his available administrative remedies, and therefore the Complaint was subject to dismissal. Defendant argues that Plaintiff had available to him administrative remedies under ADOC Department Order 802 to grieve his claim, but that he failed to do so, and therefore dismissal is required under 42 U.S.C. § 1997e(a).

1   In support of these claims, Defendant submits the Affidavit of COIII Janett Martinez, 2  a grievance coordinator for ADOC, introducing Department Order 802 and discussing the 3  policy's provision for an informal inmate letter, formal grievance, appeal to unit deputy 4  warden, and appeal to the ADOC Central Office. (Martinez Affix. at ¶¶ 6-11.)  Officer 5  Martinez avows that the Rast Unit Grievance Log shows no grievances by Plaintiff alleging 6  that Defendant Daughtry had refused to provide grievance forms in late May 2005. (*Id.* at 7  ¶ 14-15.) Records did reflect an informal inmate letter submitted by Plaintiff in April, 2005, 8  requesting he be provided a typewriter. (*Id.* at ¶¶ 17-18.)  However, no formal grievance 9  was submitted on that claim. (*Id.* at ¶ 16.)

10  On July 18, 2006, the Court set a briefing schedule requiring Plaintiff to respond, and 11  noting Plaintiff's obligation to submit evidence in support of his claims of exhaustion. 12  Plaintiff responded on July 31, 2006 (#37), arguing that he was unable to grieve this matter 13  because Defendant Daughtry refused to provide Plaintiff with grievance forms. Plaintiff 14  submits his own affidavit, and statements by other inmates to that effect.  Plaintiff further 15  argues that he did, in fact, submit grievances "in this matter, all the way to the Director's 16  office," as shown by the attachments to his Response. (Response, #37 at 4.) Plaintiff 17  attaches to his response a 2004 grievance to CO III Black complaining of a lack of responses 18  to his medical, clothing and other grievances.  He attaches the June 22, 2004 appeal to the 19  grievance coordinator of that grievance, the July 14, 2004 appeal to the Deputy Warden, and 20  the August 7, 2004 appeal to the Central Office.

21  On August 8, 2006, Defendant filed his Reply (#38). Defendant argues that DO 802 22  provides that grievances are to be supplied by an inmate's assigned counselor, and thus 23  Defendant, who was the grievance coordinator and not Plaintiff's assigned counselor, could 24  not have been the force preventing Plaintiff from grieving his claims. Defendant further 25  argues that to the extent that Plaintiff's claim is based upon a denial of grievance forms to 26  grieve disciplinary matters, the lack of a grievance form is irrelevant because disciplinary 27  proceedings have a separate appeal procedure. Finally, Defendant notes that Plaintiff's 28  grievances in 2004 could not have exhausted his remedies on the 2005 events complained

of in his Complaint.

Plaintiff filed a surreply, labeled "Traverse" on August 18, 2006 (#42). That filing was stricken as unauthorized. (Order 8/25/6, #43.)

**Exhaustion Requirement** - Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language has been interpreted to require "that an inmate must exhaust [available remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). Additionally, the Court should not "read futility or other exceptions into statutory exhaustion requirements" where the statute provides for no such exceptions. *See id.* The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff must fully exhaust his administrative remedies before filing a complaint. *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). Further, "the PLRA exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, - - - U.S. - - - , 126 S.Ct. 2378 (2006). Thus the statute requires that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at *4. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003). *But see Woodford*, - - - U.S. at - - -, 126 S.Ct. at 2386-2387 (comparing PLRA exhaustion to habeas procedural default which provides for dismissal with prejudice, thereby implying that improper exhaustion may require dismissal with prejudice).

**Standard for Granting Unenumerated Rule 12(b) Motion** - The failure to exhaust administrative remedies under the PLRA is treated as a matter in abatement and is properly

raised in an unenumerated Rule 12(b) motion. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003). Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. *Wyatt*, 315 F.3d at 1119. Therefore, the defendant bears the burden of proving that plaintiff had available administrative remedies that he did not utilize. *Id.*; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt,* 315 F.3d at 1119-20. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Id.* at 1120.

**<u>Failure to Exhaust Available Administrative Remedies</u>** - Defendant has shown that Plaintiff had available to him the standard inmate grievance procedures under DO 802 to grieve his claims. Although Plaintiff claims he submitted grievances, he offers nothing to show the submission of grievances on the claims at issue in this case. The grievances submitted with Plaintiff's Response cannot cover the 2005 events alleged in Plaintiff's Complaint, since they were filed in 2004. Moreover, the make no reference to any conduct by Defendant Daughtry.

Defendants, on the other hand, submit the affidavit of Officer Martinez that no related grievances were filed by Plaintiff. The Court finds Officer Martinez's avowals credible, and thus finds Plaintiff did not submit any relevant grievances, and therefore did not appeal any such grievances through the completion of the procedures provided under Department Order 802.

**<u>Availability of Remedies</u>** - However, the PLRA only requires that administrative remedies which are "available" to the plaintiff be exhausted prior to bringing suit. *See* 42 U.S.C. § 1997e(a). Because the statute requires the remedy to be "available" to the prisoner, it is possible for a prisoner to exhaust his administrative remedies without his claims being denied at the highest level of administrative review specified by the relevant prison policies. For example, the federal courts have held that refusing an inmate grievance forms could raise

an inference that the prisoner has exhausted his "available" administrative remedies. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that the district court erred by dismissing an inmate's section 1983 claim based on his failure to exhaust because the district court did not consider the inmate's allegation that prison officials refused to provide him with grievance forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (concluding that any remedy that prison officials prevent a prisoner from utilizing is not a remedy which is available as that term is defined in section 1997e(a)).

Here, however, Plaintiff does not establish that he was unable to grieve his claims against Defendant Daughtry. Doubtless, it is seductive to accept the argument that the very nature of Plaintiff's Complaint, *i.e.* that he was being denied access to the grievance system by Defendant Daughtry's denial of grievance forms, explains away any failure to exhaust. However, Defendant Daughtry was not Plaintiff's designated source of such forms. Moreover, Plaintiff does not assert that he undertook any effort to obtain a form specifically to grieve Defendant Daughtry's actions, whether from Defendant Daughtry, his inmate counselor, or any other source of forms. *See Jones v. Smith*, 266 F.3d 399, 399 (6th Cir. 2001) (concluding that dismissal for failure to exhaust was proper because the plaintiff failed to allege that the prison official who refused to provide a grievance form was the only source of those forms or that plaintiff made other attempts to obtain a form or file a grievance without a form).

Plaintiff argues, in essence, that the grievance system at his unit was infected with a culture hindering an inmate's ability to pursue grievances such as Plaintiff's. However, that does not explain away the complete absence of any effort by Plaintiff to grieve his complaint. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (concluding that section 1997e(a) does not permit the court to consider an inmate's subjective beliefs in determining whether administrative procedures are "available").

Further, in April, 2005 Plaintiff was able to submit an informal inmate letter on the typewriter issue. This suggests that he was at least able to obtain forms for the initial informal steps to grieve claims just prior to the time of which he complains.

Plaintiff offers no evidence that he made actual attempts to have his grievances heard on or after May, 2005, until the filing of his Complaint on August 15, 2005. Plaintiff's bare allegations are insufficient to establish that the prison's grievance procedures were unavailable for him to grieve his present claim. Accordingly, Plaintiff's complaint and this action must be dismissed without prejudice.

**Costs and Attorneys Fees** - Defendant's motions seeks an award of unspecified costs and attorneys fees. Applications for costs may be made pursuant to Rule 54(d).

As for attorneys fees, Defendant asserts no basis for such an award. "Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir. 1990). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe,* 449 U.S. 5, 14 (1980). Rather, the defendant must show that "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 700 (1978)). "These limitations apply with special force in actions initiated by uncounseled prisoners." *Id.* at 15. Although Plaintiff's claims must ultimately be dismissed, the Court cannot say on the basis of the record before it that they were "frivolous, unreasonable, or without foundation." Accordingly, the request for attorneys fees will be denied.

**IT IS THEREFORE ORDERED** that Defendant Daughtry's Motion to Dismiss, filed July 12, 2006 (#33) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's request for attorneys fees is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1) and this action are **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

DATED: September 26, 2006

_____
JAY R. IRWIN
United States Magistrate Judge